UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| GREGORY ROGERS | ) |
|     PLAINTIFF | ) |
| | ) |
| V | ) |
| | ) |
| CITY OF FRANKFORT | ) |
| c/o OFFICE OF THE MAYOR | ) |
| | ) |

COMPLAINT
AND
JURY DEMAND

COMES NOW, Plaintiff, Gregory Rogers, by and through counsel, Smith O'Toole & Brooke, and in support of his cause of action states:

SUMMARY OF CASE

1. This is a discrimination and retaliation claim brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, Section 701 et seq., 42 USC 2000e et seq. ("Title VII") and the Kentucky Civil Rights Act KRS Chapter 344 et seq. because the City of Frankfort refused to hire Gregory Rogers as a Seasonal Transit Driver because he had reported an inappropriate romantic relationship to the Mayor's office witnessed while Superintendent of Public Transportation between his direct supervisor, Tom Bradley, and his secretary at the time, Jennifer Hall, while employed with the City of Frankfort.

JURISDICTION AND PARTIES

2. Gregory Rogers is a retiree from the City of Frankfort and currently resides in Frankfort Kentucky.

3. The City of Frankfort is a city located in Franklin County, Kentucky.

4. This Court has jurisdiction pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343(4).

5. The events giving rise to this cause of action occurred in the Eastern District of Kentucky for the United States District Court.

### BACKGROUND FACTS – KEY PEOPLE

6. Plaintiff, Gregory Rogers was the Superintendent of Public Transportation for the City of Frankfort until her retired in June of 2017 and then applied for the position of Seasonal Transit Driver in November of 2018.

7. Tom Bradley was the Public Works Director for the City of Frankfort and was Greg's immediate boss while Greg worked as Superintended of Public Transportation for the city of Frankfort.

8. Jennifer Hall was the Public Works secretary for three years and was selected for promotion by Tom Bradley to be a foreman over several highly qualified candidates even though she had no experience or credentials for the position.

9. Kathy Fields worked with Human Resources at the City of Frankfort and was informed directly by Greg about Tom Bradley and the inappropriate relationship with Jennifer Hall.

### FACTUAL ALLEGATIONS

10. Upon information and belief, Tom Bradley and Jennifer Hall had a romantic relationship while working for the City of Frankfort.

11. As Public Works Director Tom Bradley had a position of power and authority over Jennifer Hall.

12. A romantic relationship between a boss and a secretary is inappropriate behavior and can lead to significant sexual harassment and discrimination claims against an employer, including the City of Frankfort.

13. Reporting this sexual harassment is protected activity under Title VII and the Kentucky Civil Rights Act.

14. While Greg Rogers was Superintendent of Public Transportation the position of Foreman became available, and several candidates were considered for hiring.

15. The Foreman reports directly to the Superintendent of Public Transportation.

16. Greg Rogers wanted to hire a candidate with extensive experience and training that was perfect for the position.

17. Tom Bradley smoothed the path for and strongly influenced the decision to hire Jennifer Hall for the position even though she did not have any pertinent experience or training for the position of Foreman.

18. After Greg Rogers retired in June of 2017, Tom Bradley promoted Jennifer Hall to the position of Superintendent of Public Transportation even though she was struggling as Foreman.

19. Tom Bradley's secretary with whom, upon information and belief, he had a romantic relationship with, was promoted form Public Works Secretary to Superintendent of Public Transportation in roughly a two-year period.

20. Greg Rogers reported his concerns about the sexual harassment and inappropriate relationship to the Mayor of the City of Frankfort, Billy May, on or about November 16, 2018, by letter. **("Letter to the Mayor" - Exhibit A)**

21. At that time the City of Frankfort had posted a job opening for Transit Driver. **(Exhibit B)**

22. Greg Rogers applied for the position of Transit Driver on November 5, 2018. **(Exhibit C)**

23. Jennifer Hall was the person responsible for deciding whether to hire Greg Rogers for the position of Transit Driver.

24. Greg Rogers received his denial letter regarding his application to be a Transit Driver on or about December 17, 2018. **(Exhibit D)**

25. There were no more qualified candidates to be a Transit Driver than the former Superintendent of Public Transportation.

26. Greg Rogers was not hired as a Transit Driver because of what he reported in the Letter to the Mayor about the inappropriate relationship between Tom Bradley and Jennifer Hall.

27. The Letter to the Mayor constitutes protected activity under Title VII and the Kentucky Civil Rights Act.

28. Jennifer Hall informed other employees of the City of Frankfort that she would not hire Greg Rogers because of the Letter to the Mayor.

29. Greg Rogers had a good faith belief that he was reporting violations of Title VII and the Kentucky Civil Rights Act in the Letter to the Mayor.

30. Even if the activity complained of did not amount to a violation of Title VII and the Kentucky Civil Rights Act, retaliation for writing the Letter to the Mayor is a violation of Title VII and the Kentucky Civil Rights Act.

31. Greg Rogers filed a Charge of Discrimination on February 5, 2019, within 2 months of not being hired as a Seasonal Transit Driver. **(Exhibit E)**

**32.** Greg Rogers received his right to sue letter, dated March 8, 2021, on or about March 12, 2021.  **(Exhibit F)**

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII AND THE KENTUCKY CIVIL RIGHTS ACT

33. Plaintiff incorporates by reference paragraphs 1-32 as though fully restated herein.

34. Greg Rogers reported perceived sexual harassment and inappropriate conduct by his direct boss to the Mayor of the City of Frankfort in the Letter to the Mayor.

35. The City of Frankfort refused to hire Greg Rogers for the position of Seasonal Transit Driver because he wrote the Letter to the Mayor.

36. The Letter to the Mayor is protected activity under Title VII and the Kentucky Civil Rights Act.

37. Taking adverse employment action as to Greg Rogers for protected activity is a violation of Title VII and the Kentucky Civil Rights Act.

38. Not hiring Greg Rogers for the position of Seasonal Transit Driver is adverse employment action.

39. Greg Rogers has incurred damages in the form of lost income from not being hired as a Seasonal Transit Driver in the amount of the salary her would have earned from that time to date and continuing.

40. The position of Seasonal Transit Driver pays $16.50 per hour 40 hours per week for 9 months of the year with earnings of approximately $25,740 / year.

41. There is no reason that Greg Rogers could not have continued to work as a Seasonal Transit Driver for the next 10 years.

42. Greg Rogers lost all these wages because the City of Frankfort permitted Jennifer Hall to retaliate against Greg Rogers for the Letter to the Mayor.

WHEREFORE, Plaintiff asks this Honorable Court for the following relief:

A. Judgment against the City of Frankfort for an amount equal to all lost wages, attorney's fees, costs, and economic damages incurred by Greg Rogers because of the retaliatory refusal to hire him as a Seasonal Transit Driver;

B. That an evaluation be performed of the hiring, promotion, and disciplinary practices of the City of Frankfort by a third-party audit to evaluate all violations of Title VII and the Kentucky Civil Rights Act to correct inappropriate employment practices for all applicants for employment and employees of the City of Frankfort; and

C. Any other relief this Court deems fair and appropriate.

**Plaintiff hereby demands a trial by jury.**

Respectfully Submitted,

/s/ *James O'Toole*

Smith O'Toole & Brooke
3080 Harrodsburg Rd., Suite 101
Lexington, KY 40503
(859) 785-4010
jotoole@SOBlawfirm.com